# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-631V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ROY GREENE,                         *      Special Master Corcoran
                                    *
                Petitioner,         *      Filed: December 13, 2016
                                    *
        v.                          *      Decision; Attorney's Fees and Costs.
                                    *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Franklin J. Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.

*Ann D. Martin*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEY'S FEES AND COSTS[1]

On September 29, 2011, Roy Greene filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the tetanus-diphtheria vaccine he received on July 22, 2009, caused his subsequent development of brachial plexopathy.[2] ECF No. 1. An onset hearing was held on March 25, 2015, in Houston, Texas, and since that time the parties engaged in unsuccessful mediation. Petitioner is presently preparing an expert report.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On November 28, 2016, Petitioner filed a consented motion to substitute attorney Richard Gage in place of attorney Franklin J. Caldwell, Jr. ECF No. 74. Just before, Petitioner filed a motion for interim fees and costs on November 23, 2016. ECF No. 73-1 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs incurred by his former counsel, Mr. Caldwell and the firm of Maglio, Christopher & Toale ("the Maglio Firm"), in the amount of $104,407.01 (representing attorney's fees in the amount of $87,903.80, plus costs in the amount of $16,503.21). *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that he has not personally incurred any litigation-related expenses in conjunction with this proceeding. ECF No. 73-3.

Respondent filed a brief reacting to Petitioner's fees request on December 6, 2016. ECF No. 75. Respondent stated that she "does not oppose an interim award of reasonable attorneys' fees and costs … for the work performed by Mr. Caldwell." *Id.* at 2. She added that the determination of an award is within the special master's discretion, and requested that I exercise said discretion in determining an appropriate award of fees and costs here. *Id.*

Though Respondent does not object to any particular billing entries, she does correctly note that special masters have discretion to determine the reasonableness of a fees award. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Based on my review of the record, I find that the majority of the request is appropriate.

An interim award of fees and costs is appropriate here, especially in light of Mr. Caldwell's withdrawal as counsel. Counsel withdrawing from a matter have often received their fees in the form of an interim award. *See, e.g.*, *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012) (upholding special master's decision to grant petitioner interim fees despite counsel's withdrawal); *Toor v. Sec'y of Health & Human Servs.*, No. 10-650V, 2013 WL 4011097, at *3 (Fed. Cl. Spec. Mstr. July 3, 2013). Providing an interim award helps avoid piecemeal adjudication of fees issues by addressing them at the time of withdrawal. The requested hourly rates in the fees application are also in accordance with rates I have previously awarded to Mr. Caldwell and the Maglio Firm's paralegals. *See Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). Therefore, these hourly rates are also acceptable.

This leaves only the issue of the reasonableness of time devoted to the matter to date. Here, some adjustment is warranted. In particular, there are several entries related to travel in the billing

records that were billed at full time.[3] *See* Fees App. at 2, 15-16, and 29. It is common practice in the Program to compensate hours spent traveling at one-half of the normal hourly attorney rate, although the fact that an attorney is traveling is not dispositive of how to treat such attorney time. *See, e.g.*, *King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). In some situations, an award of full attorney's fees for travel is appropriate if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

These billing invoices are specific, in that they reflect time spent traveling to the airport, entering through security, and collecting luggage from baggage claim, among other activities. *See* Fees App. at 2, 15-16, 29. The billing entries state that time spent in-flight used to perform work is not included in these specific travel entries, but instead was billed separately. *Id.* Further, counsel's affidavit admits that "billing entries for travel explicitly set forth only travel time/tasks that rendered any work impossible." ECF. No. 73-4 at 3. Therefore, no actual work was performed during these particular billing entries; thus, the travel-specific entries do not merit full compensation under Program standards, and the normal practice of awarding half-time for travel will apply. I will therefore only award 3.45 of the 6.9 hours billed in 2011; 5.75 of the 11.5 hours billed in 2015; and 3.35 of the 6.7 hours billed in 2016.

I otherwise find that the total sum expended on the matter to date is reasonable. The parties engaged in an onset hearing, followed by a good-faith attempt to settle the matter, including a mediation. Although they were unsuccessful in their efforts, time incurred on this matter to date was warranted and should be compensated. Petitioner additionally requests an award of litigation costs for counsel of $16,503.21, reflecting payments for medical records, filing fees, and travel-related costs. ECF No. 73-2. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT in part Petitioner's Motion for interim attorney's fees and costs. I award a total of **$100,454.41** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Franklin J. Caldwell, Jr., Esq., representing $83,951.20 in attorney's fees and $16,503.21 in costs.

---

[3] The first specific travel billing entries are for a visit with Petitioner on March 7-8, 2011, for a total of 6.9 hours. Fees App. at 2. The second set of travel-related billing entries relate to the onset hearing held in Houston, Texas, on March 24-26, 2015, for a total of 11.5 hours. Fees App. at 15-16. The final set of billing entries involving travel are for the mediation in Washington, DC, on September 14-16, 2016, totaling 6.7 hours. Fees App. at 29.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.