# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 11-631V**
**(Not to be Published)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ROY GREENE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: January 7, 2021

Decision; Attorney's Fees and Costs.

*Richard Gage,* Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Heather Pearlman*, U. S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On September 29, 2011, Roy Greene filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging that the tetanus-diphtheria vaccine he received on July 22, 2009, caused his subsequent development of brachial neuritis.[2] ECF No. 1. An onset hearing was held on March 25, 2015, in Houston, Texas, and after that time the parties engaged in unsuccessful efforts to settle the case.

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On November 28, 2016, Petitioner filed a consented motion to substitute attorney Richard Gage in place of attorney Franklin J. Caldwell, Jr. ECF No. 74. Just before, Petitioner filed a motion for interim fees and costs on November 23, 2016, seeking reimbursement of attorney's fees and costs incurred by his former counsel.[3] ECF No. 73-1. An interim fees award was issued on December 13, 2016. *See* Interim Fees Decision, dated Dec. 13, 2016 (ECF No. 78). In the ensuing three years (2017–2020), Mr. Gage and his firm represented Petitioner in this matter. In that time there have been decisions, motions for reconsideration, motions for review and a full hearing. The matter was ultimately dismissed, and appeals to the Court of Federal Claims and Federal Circuit were unsuccessful.

On March 17, 2020 (not long after notice of appeal with the Federal Circuit had been filed), Petitioner filed a Motion for Interim Attorney Fees and Costs. *See* Motion for Attorney's Fees and Costs, filed March 17, 2020 (ECF No. 159) ("Fees App."). The fees request reflected work performed by Mr. Gage for Petitioner from October 2016 (a month prior to his appearance in the matter) through March 2020 – but does not include any work relating to the Federal Circuit appeal, since Petitioner pursued that as a *pro se* litigant. As a result, the fees request in effect seeks a final award of fees in this matter.

Petitioner requests a total of $236,600.46 ($164,580.50 in attorney's fees, plus $72,019.96 in costs) for the work of attorneys Mr. Richard Gage, Ms. Kristen Blume, Ms. Kristen Rieman as well as the supportive work of multiple paralegals. Costs include copies, consultation services, travel expenses, and expert costs. Fees App. at 71–73. On March 30, 2020, Respondent reacted to the fees request. Response, filed March 30, 2020, (ECF No. 160). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in the case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 3–4.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is

[3] Mr. Caldwell and the firm of Maglio, Christopher & Toale were awarded slightly in excess of $100,000 in fees and costs. ECF No. 78.

irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for evaluating reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, since cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Although it was not success, Petitioner's claim had sufficient objective basis to entitle him to a fees and costs award. Petitioner's arguments about the timeframe in which his brachial neuritis manifested were backed by many solid items of proof, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Petitioner also marshaled two reasonable expert reports, offering reputable scientific/medical opinions about how long it would take for post-vaccination brachial neuritis to occur. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years in which work was performed:

| | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Richard Gage, Esq.** | $311.00 | $318.00 | $326.00 | $338.00 | $350.00 |
| **Kristen Blume, Esq.** | - | $260.00 | $270.00 | $338.00 | $350.00 |
| **Kristen Rieman, Esq.** | - | $200.00 | - | - | - |
| **Paralegals** | $120.00 | $120.00 | $120.00 | $120.00 | $120.00 |

Fees App. at 40–68.

The rates requested for Mr. Gage and Ms. Reiman (as well as the paralegal work performed on this case) are consistent with what they have previously been awarded,[4] and I find no cause to reduce them in this instance. Ms. Blume's requested hourly rate for 2017 and 2018, however, exceeds what she has previously been awarded. *See*, e.g., *Williams v. Sec'y of Health & Human Servs.*, No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019) (awarding Ms. Blume a rate of $251.00 per hour for work performed in 2017 and 2018); *Ellis v. Sec'y of Health & Human Servs.*, No. 13-336V, 2019 WL 3315326, at *7 (Fed. Cl. Spec. Mstr. Jun. 24, 2019) (same). I also shall compensate her time in 2017 and 2018 at the rate of $251.00 per hour, resulting in a reduction of $408.00. But the rates requested for Ms. Blume's work performed in 2019 and

[4] *See, e.g.*, *Demitor v. Sec'y of Health & Human Servs.*, No. 17-564V, 2020 WL 1027955, at *4-5 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); *Williams v. Sec'y of Health & Human Servs.*, No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019).

2020 are consistent with what she has previously been awarded in the Program, and I find no cause to reduce them in this instance. *See, e.g., Briggs v. Sec'y of Health & Human Servs.*, No. 15-737V, 2020 WL 6144626, at *2 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (awarding Ms. Blume a rate of $338.00 per hour for work performed in 2019 and a rate of $350.00 per hour for work performed in 2020); *Yalacki v. Sec'y of Health & Human Servs.*, No. 14-278V, 2020 WL 5049394, at *2 (Fed. Cl. Spec. Mstr. Aug. 12, 2020) (awarding Ms. Blume a rate of $338.00 per hour for work performed in 2019); *Oberheim v. Sec'y of Health & Human Servs.,* No. 17-725V, 2020 WL 733919, at *1 (Fed. Cl. Spec. Mstr. Jan. 10, 2020) (awarding Ms. Blume a rate of $338.00 per hour for work performed in 2019).

I also find the work performed on this matter by counsel was generally reasonable, and make no adjustments to time billed. As a result of the one rate change I make, however, the total amount of attorney's fees to be awarded is $164,172.50 rather than the $164,580.50 sum requested.

## III. Calculation of Attorney Costs

Petitioner also requests an award of $72,019.96 for costs incurred since the interim fees award. Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The amount requested by Petitioner comprises of the cost of making copies, travel expenses associated with the 2019 hearing held in Washington, D.C., consultation fees, and work performed by Petitioner's experts, Drs. Kinsbourne and Steinman. *See generally,* Fees App. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. I also find the hourly rates requested for each expert ($500.00 per hour for Dr. Steinman, and $500 per hour for Dr. Kinsbourne) are consistent with what they have received in prior cases, and reasonable, along with the time each devoted to this matter. Petitioner is thus entitled to the full amount of costs sought.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $236,192.46, reflecting $164,172.50 in attorney's fees and $72,019.96 in costs, in the form of a check made payable to Petitioner's attorney, Mr. Richard Gage.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.